UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENDIPITY LABS FRANCHISE
INTERNATIONAL, LLC, et al.,

Petitioners,

v.

ADVANTAGE PARTNERS, LLC, et al.,

Respondents.

**ORDER**

25-CV-10484 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 17, 2025, Serendipity Labs Franchise International, LLC and Serendipity Labs, Inc. ("Petitioners") commenced this action by filing a petition to confirm an arbitration award ("Petition," Doc. 1) against Advantage Partners, LLC, Office Labs 1, LLC, Alex Perchuk, Robert Baker, Yury Benin, Office Labs Arizona 1, LLC, Office Labs Pittsburgh 1, LLC, Triple 5 Group, LLC, and Office Labs 3 Crossings, LLC ("Respondents").

"A party filing a motion under the [Federal Arbitration Act] to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the [Federal Arbitration Act], by itself, 'bestows no federal jurisdiction.'" *Prince v. TD Bank N.A.*, No. 20-CV-00660, 2020 WL 8991788, at *2 (S.D.N.Y. Mar. 23, 2020). Here, the basis for the Court's jurisdiction is the alleged diversity of the parties under 28 U.S.C. § 1332(a). (Petition ¶¶ 6-19). However, it is axiomatic that, "[w]ith the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) ("[L]imited liability companies . . . obtain citizenship from each of their members."). Furthermore, the basis for diversity jurisdiction cannot be "upon information and belief." *See, e.g.*, *Wilmington Sav. Fund Soc'y v. Fernandez*, 712 F. Supp. 3d 324,

332 (E.D.N.Y. 2024) ("Allegations caveated with the phrase 'upon information and belief,' or any other such tentative language are insufficient to establish domicile."); *Hous. and Redevelopment Ins. Exch. v. Guy Carpenter & Co., LLC*, No. 24-CV-02412, 2025 WL 833876, at *2 (S.D.N.Y. Mar. 17, 2025) (dismissing amended complaint for lack of subject matter jurisdiction where the "allegations of jurisdiction, based solely upon information and belief [were] somewhat lacking."); *Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-CV-00351, 2018 WL 1428254, at *5 (W.D.N.Y. Mar. 22, 2018) (finding allegations of LLCs' members based "upon information and belief" insufficient "to establish diversity of citizenship between Plaintiffs and Defendants.").

Here, Petitioners' basis for the membership of Respondent LLCs is "[u]pon information and belief." (Petition ¶ 18). Uncertain statements, such as that of Petitioners, are insufficient to establish diversity jurisdiction. *See Wilmington Sav. Fund Soc'y*, 712 F. Supp. 3d at 332. Thus, the Petition fails to adequately allege diversity of citizenship as required by § 1332(a).

Accordingly, by December 23, 2025, Petitioners shall file a letter via ECF explaining the basis for their assertion that diversity of citizenship exists. To the extent any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

**SO ORDERED.**

Dated:    December 19, 2025
          White Plains, New York

_____
HON. PHILIP M. HALPERN
United States District Judge

2